THE HONORABLE
ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES BYRON,

            Plaintiff,

      v.

INSTITUTE FOR ENVIRONMENTAL
HEALTH, INC.,

            Defendant.

Case No. 2:18-cv-01415-RSL

**JOINT STIPULATION AND
[PROPOSED] ORDER OF
CONFIDENTIALITY**

Plaintiff James Byron ("Plaintiff") and Defendant Institute for Environmental Health, Inc. ("Defendant") (each a "Party" and collectively the "Parties") hereby stipulate, by and through their undersigned counsel, that the following provisions shall govern claims of confidentiality in the above-captioned action:

1.      Documents containing the following may be designated as "Confidential": trade secrets; special formulas; company security matters; customer lists; financial data; production data; matters relating to mergers and acquisitions; documents which related to  pricing for company services; proprietary research, development, manufacturing, commercial, revenue and sales information; laboratory testing methods and procedures; personal records and information that

**JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 1**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

include social security numbers, names of minors, non-public contact information, compensation, benefits, medical information, and performance evaluations or ratings (whether formal or informal). Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "Confidential" on each page, or, in the event a document is produced in its native format, the filename shall include the word "CONFIDENTIAL" in all capital letters between brackets, e.g.: *IEH 2013 Financial Plan [CONFIDENTIAL] .docx*. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computer, disc, network or tape) is produced in such form, the producing party or any other party may designate such material as Confidential by affixing a label on the media or its casing indicating such designation, accompanied by cover letter specifying the exact portions of the electronic or magnetic media that contains Confidential information.

2.    If a document is produced and inadvertently not marked "Confidential," the producing party may designate the document as Confidential by promptly notifying the receiving party in writing, of the "Bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document with specificity for the receiving party) of each page of the document that contains Confidential discovery material. The receiving party is subject to no repercussions under this order if said party shared the information prior to it being stamped CONFIDENTIAL.

3.    Documents and testimony designated as Confidential shall be shown only to:

   a.   Court reporters, stenographers, or videographers working on this action;

   b.   Outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action,

JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 2

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

including independent contractors or businesses providing copying services or litigation support, for use in accordance with this Stipulation and Order;

c.   Outside independent consultants, mediators or experts assisting counsel for the parties in this action (including potential experts).  However, no Confidential discovery material shall be disseminated to any expert who is employed or retained by a direct business competitor of a party or its affiliates;

d.   Authors of the Confidential discovery material and any person to whom the material was addressed;

e.   Mediators appointed by the Court or hired by the parties in this action;

f.   Actual or potential deponents or trial witnesses in this action, and their counsel, to the extent necessary to prepare for deposition or trial testimony in this action, witness shall maintain a written record of each person to whom Confidential discovery material was disclosed pursuant to this provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit "A", to be bound by this Stipulation and Order in connection with the Confidential discovery material, and that the producing party shall be entitled to review that record of Confidential discovery material disclosures upon a showing to the court of a need for such information; and

g.   The parties.

4.      Documents and testimony designated as Confidential shall be copied only by attorneys of record in this action, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorney engaging a copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential discovery material in a way that would violate this Stipulation and Order.

5.      With regards to the individual identified in 3 b, c and f, (with the exception of court reporters, mediators, copying or printing services) each person to whom Confidential discovery material, or data and information obtained, derived, or generated from Confidential discovery material, is disclosed or made available, pursuant to Paragraph 3, shall first be advised of the existence and the contents of this Stipulation and Order, and shall execute an

JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 3

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

1  Acknowledgement in the form, attached as Exhibit A to this Stipulation and Order.  No such

2  person shall divulge any Confidential discovery material, or any data and information

3  obtained, derived, or generated from Confidential discovery material, to any other person,

4  except as provided herein.

5
   7.      Any discovery material produced prior to the execution of this Stipulation may be

6
7  designated as Confidential by providing written notice of same to all parties within thirty (30)

8  days after the execution of this Stipulation and Order or within thirty (30) days after any discovery

9  material obtained from third parties has been disclosed and, if requested, produced to opposing

10  counsel, whichever is later.

11
   8.      Nothing in this Agreement shall preclude any party from seeking from the Court
12
13  an Order binding third parties to abide by this Agreement.

14
   9.      Review of documents designated as Confidential and testimony by counsel,

15  experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the

16  documents or objections to production.

17
   10.     The inadvertent, unintentional, or *in camera* disclosure of a Confidential document
18
19  and/or Confidential information in a document not designated as "Confidential" shall not be

   deemed a waiver, in whole or in part, of any party's claims of confidentiality, either as to the
20
21  specific information disclosed or as to any other information relating thereto or on the same or

22  related subject matter, provided that the party to which the information was disclosed shall not be

23  held to have violated this Stipulation and Order because it did not treat that information as

24  Confidential between the time it was disclosed and the time when the party that disclosed it

25  notified the other party of the designation of that information as Confidential.

26
**JOINT STIPULATION AND [PROPOSED]**
**ORDER OF CONFIDENTIALITY - 4**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

11.     At the time of deposition or other pre-trial testimony or within 30 days after receipt of the deposition or other pre-trial testimony transcript, a party may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in Paragraph 1 above.  This designation shall be in writing and served upon all counsel of record and to the court reporter used for such deposition, and such notice must identify the exact page and line numbers (or, if on the record, the beginning point and end point) of the testimony that is being designated as Confidential.  No objection shall be interposed at deposition that an answer would elicit Confidential information.  Any portions of a transcript designated Confidential shall thereafter be treated as Confidential in accordance with this order.

12.     There is a strong presumption of public access to the court's files. A party must explore all alternatives to filing a document under seal.  Documents or testimony designated as Confidential within documents, deposition testimony, specific portions of briefs, applications, or other filings that contain verbatim Confidential information, or that set forth the substance of such Confidential information, should be redacted where possible, de-designated as confidential for filing with consent between the parties, or be filed under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5(g).

13.     This Stipulation and Order has no effect upon, and shall not apply to, any party's or non-party's use of its own lawfully and properly obtained Confidential discovery material for any purpose.

14.     If a party or nonparty concludes that a Confidential document, or portions of a document designated as Confidential by any other party or nonparty, does not actually include Confidential discovery material and, therefore, does not warrant the protection claimed for them

JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 5

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

under this Stipulation and Order, the party must notify all parties and any concerned nonparty in writing and state the basis for its conclusion.  Promptly after the receipt of such notice, the attorneys for all concerned parties and nonparties shall confer in good faith in order to resolve the objection to the designation of Confidential.  If it is not possible to resolve the objection within fourteen (14) days after service of the notice, then the producing party shall have fourteen (14) days to move for an Order from this Court confirming the designation of those materials as Confidential.  The designated Confidential discovery material shall continue to be treated as Confidential under this Stipulation and Order until one of the following occurs:

    (1)    the party who claims that the documents are confidential withdraws such designation in writing;

    (2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth above; or

    (3)    the court rules that the documents should no longer be designated as confidential information or otherwise denies the producing party's motion.

    15.    By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery pursuant to the Federal and Local Rules of Civil Procedure.

    16.    The provisions of this Stipulation and Order shall not terminate at the conclusion of this action.  The receiving party shall either destroy Confidential discovery material at the conclusion of the litigation, including any appeals, or return all Confidential discovery material to the producing party, including all copies of such material which may have been made.  In the

**JOINT STIPULATION AND [PROPOSED]**
**ORDER OF CONFIDENTIALITY - 6**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

event of destruction (as opposed to return), the receiving party or its counsel shall provide the producing party with a sworn declaration of such destruction.  Notwithstanding anything to the contrary, counsel of record for the parties may retain an archival copy of pleadings, motion papers, discovery responses, depositions transcript and exhibits, and trial exhibits, whether or not those materials were designated as Confidential.

17.    Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), in the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within fourteen (14) days of discovery of the error.  Unless the receiving party disputes the producing party's assertion of privilege, the receiving party shall return all copies of information of documents to the producing party within ten (10) days of receipt of such notice. If the receiving party disputes the producing party's assertion of privilege, the producing party's assertion of privilege, the producing party may file a motion pursuant to Federal and Local Rules of Civil Procedure.  The fact that such disputed privileged material is produced, inadvertently or otherwise, shall not be construed as a waiver in the pending case or in any other federal or state proceeding of the attorney-client privilege and/or the work product doctrine.  The fact that disputed privileged material is returned shall not be construed as an admission by the receiving party that the disputed privileged material is in fact subject to the attorney-client privilege or the work-product doctrine.

18.    The designation of discovery materials as Confidential pursuant to this Stipulation shall not constitute a ruling that those materials actually contain Confidential information.

**JOINT STIPULATION AND [PROPOSED]**
**ORDER OF CONFIDENTIALITY - 7**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

19.     If any Confidential information and/or data derived or generated therefrom, is sought through discovery or otherwise from a receiving party or their counsel by any person, in any subsequent judicial or administrative proceeding, the receiving party agrees that they will immediately notify the producing party so as to permit the producing party to seek a protective order from the appropriate court.  With respect to the notification required by this paragraph, Plaintiff shall notify Sarah Bouchard of Morgan, Lewis & Bockius LLP at Sarah.Bouchard@morganlewis.com, and Defendant shall notify Stephani Ayers of T. M. Guyer and Ayers & Friends, PC at Stephani@whistleblowerdefenders.com.

20.     By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain discovery materials than those provided in this Stipulation and order on the grounds that those discovery materials contain especially sensitive confidential or highly confidential information.

21.     Pursuant to Local Rule 26(c)(2), this Stipulation does not presumptively entitle the Parties to file CONFIDENTIAL discovery material or deposition testimony designated as CONFIDENTIAL under seal.  Pursuant to Local Rule 5(g)(3)(A), the Parties shall confer regarding the filing of CONFIDENTIAL discovery material or deposition testimony designated as CONFIDENTIAL, to determine whether the designating Party will remove the CONFIDENTIAL designation, whether the document can be redacted, or whether a motion to seal or a joint stipulation and proposed order is warranted.  The Parties will make a good faith effort to provide reasonable advance notice to the designating Party of their intention file any CONFIDENTIAL discovery material or deposition testimony designated as CONFIDENTIAL

**JOINT STIPULATION AND [PROPOSED]**
**ORDER OF CONFIDENTIALITY - 8**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

so the Parties can confer pursuant to Local Rule 5(g)(3)(A).  While the Parties will make a good faith effort to provide reasonable advance notice (five (5) days) to the designating Party to confer pursuant to Local Rule 5(g)(3)(A), the Parties acknowledge that a situation may arise where a Party is unable to provide reasonable advance notice (five (5) days) to the designating Party of their intention file CONFIDENTIAL discovery material or deposition testimony designated as CONFIDENTIAL, and in those situations the Parties will provide notice to the designating Party as soon as possible, but in no situation will a Party file CONFIDENTIAL discovery material or deposition testimony designated as CONFIDENTIAL without providing notice to the designating Party and conferring pursuant to Local Rule 5(g)(3)(A), or without filing or seeking to file the discovery material or deposition testimony designated as CONFIDENTIAL under seal with the Court until the matter is resolved.

22.     The parties may, by stipulation, provide for exceptions to this Stipulation and Order, and any Party may seek an Order of this Court modifying or interpreting this Order.

**JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 9**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

1

2                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3   DATED:  July 5, 2019                    DATED:  July 5, 2019

4   /s/ Stephani L. Ayers                   /s/ Sarah E. Bouchard
    Stephani L. Ayers                       Sarah E. Bouchard (*admitted pro hac vice*)
5   Thad M. Guyer                           Bradley J. Crowell, Esq. (*admitted pro hac vice*
    T.M. Guyer and Ayers & Friends, P.C.    Tara Param (*admitted pro hac vice*)
6   116 Mistletoe St. P.O. Box 1061         MORGAN, LEWIS & BOCKIUS LLP
7   Medford, OR 97501                       1701 Market Street
    Email: stephani@GuyerAyers.com          Philadelphia, PA 19103
8          thad@GuyerAyers.com              Tel:   (215) 963-5077/5928
                                            Fax:   (215) 963-5001
9   *Attorneys for Plaintiff*               Email: sarah.bouchard@morganlewis.com
    *James Byron*                                  bradley.crowell@morganlewis.com
10                                                 tara.param@morganlewis.com

11                                          DATED:  July 5, 2019

12
                                            /s/ Laurence A. Shapero
13                                          Laurence A. Shapero, WSBA No. 31301
                                            Ogletree, Deakins, Nash, Smoak & Stewart,
14                                          P.C.
                                            1201 Third Avenue, Suite 5150
15                                          Seattle, WA 98101
16                                          Telephone: (206) 693-7057
                                            Fax: (206) 693-7058
17                                          Email: Laurence.shapero@ogletree.com

18                                          *Attorneys for Defendant*
19                                          *Institute for Environmental Health, Inc.*

20

21

22

23

24

25

26
    **JOINT STIPULATION AND [PROPOSED]**
    **ORDER OF CONFIDENTIALITY - 10**                    MORGAN, LEWIS & BOCKIUS LLP
                                                                Attorneys at Law
                                                              1701 Market Street
                                                         Philadelphia, PA 19103-2921
                                                              +1.215.963.5000

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  IT IS FURTHERED ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

3  any documents in this proceeding shall not, for the purposes of this proceeding or any other

4  federal or state proceeding, constitute a waiver by the producing party of any privilege applicable

5  to those documents, including the attorney-client privilege, attorney work-product protection, or

6  

7  any other privilege or protection recognized by law.

8  DATED:  _____July 9, 2019_____

9

10

11  _____

12  Honorable Robert S. Lasnik
   United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**JOINT STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY - 11**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000

## EXHIBIT A TO THE CONFIDENTIALITY AGREEMENT

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,

declare under penalty of perjury that I have ready in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Western District of Washington on _____ of April, 2019 in the case of *James Byron v.*

*Institute for Environmental Health, Inc., Case No. 2:18-CV-01415-RSL*.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that i will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Western District of Washington for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT A TO THE PARTIES'**
**JOINT STIPULATION AND [PROPOSED]**
**ORDER OF CONFIDENTIALITY - 12**

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1701 Market Street
Philadelphia, PA  19103-2921
+1.215.963.5000