UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES BYRON,

    Plaintiff,

    v.

INSTITUTE FOR ENVIRONMENTAL HEALTH, INC.,

    Defendant.

Case No. 2:18-CV-01415-RSL

ORDER GRANTING IN PART DEFENDANT'S FIRST MOTION TO SEAL

This matter comes before the Court on Defendant Institute for Environmental Health, Inc.'s Motion to Seal Confidential Documents in Support of its Motion for Summary Judgment. Dkt. #32. After plaintiff James Byron opposed defendant's motion, the parties met and conferred regarding the need to file documents under seal. Dkt. #52 at 2. Defendants agreed to narrow their claims of confidentiality regarding certain exhibits and have since filed redacted versions of those exhibits. Dkt. #52-1. At this point, defendant seeks permission to seal **Exhibits K, Y, Z, AA, DD, GG, LL** to the Declaration of Sarah Bouchard ("Bouchard Declaration") (Dkt. #31) in their entirety and to file unredacted versions of **Exhibits B, C, D, G, J, L, M, N, R, S, T, W, EE, and HH**

ORDER GRANTING IN PART DEFENDANT'S
FIRST MOTION TO SEAL - 1

under seal. Dkt. #32. Despite a number of statements indicating that defendant has filed sealed, unredacted versions of these documents for the Court's review and/or that defendant would like to "maintain" the seal, the record as it currently stands does not contain any of the information defendants seek to seal. Rather, one-page placeholders have been submitted for **Exhibits K, Y, Z, AA, DD, GG, LL** and the available versions of the motion for summary judgment (Dkt. #3) and **Exhibits B, C, D, G, J, L, M, N, R, S, T, W, EE, and HH** (Dkt. #52-1) contain significant redactions. No unredacted copies have been provided.

"There is a strong presumption of public access to the court's files." LCR 5(g). In the Ninth Circuit, the presumption is particularly strong for documents attached to dispositive motions. *Kamakana v,. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In order to override the common law right of the public to inspect and copy court documents, "a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotation marks and alterations omitted). Ultimately, "[w]hat constitutes a compelling reason is best left to the sound discretion of the trial court." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted). The Ninth Circuit has found, however, that protecting trade secrets is one such legitimate private interest that outweighs the public's interest in disclosure. *Kamakana*, 447 F.3d at 1179. A trade secret "may consist of any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008), quoting

*Restatement of Torts* § 757 cmt. b.

The Local Civil Rules of this district provide two avenues through which a party may obtain permission to file a document under the seal. The first method is to file a motion or stipulated motion to seal at the same time that the document is filed under seal. This method allows the Court to review the purportedly confidential material when determining whether a seal is appropriate. If the Court grants the motion to seal, the document will remain sealed. If the Court denies the motion, the document will be unsealed unless the party relying on the sealed document withdraws it from consideration. LCR 5(g)(6). The second method is to file a motion to seal before the document is filed. Defendant has chosen to utilize that method here, but there is a significant downside: the Court cannot review the actual document and must determine whether the moving party has made a compelling showing based solely on counsel's argument and supporting declarations.

It is defendant's burden to show that a seal is warranted by specifying the public and private interests that favor a seal, the injury that would occur if a seal were not granted, and why a less restrictive alternative - such as redaction - would not be sufficient. LCR 5(g)(3)(B). Vague and conclusory assertions regarding the competitiveness of defendant's industry and/or the confidential nature of a document that has not been provided for review (*see* Dkt. #52-2) do not satisfy this burden, especially in the absence of the documents themselves. The Court has carefully considered the submissions of the parties, but has been unable to determine the content of certain documents. Where the parties dispute the content of a document and the remainder of the record does not resolve the issue, the dispute has been decided in plaintiff's favor.

ORDER GRANTING IN PART DEFENDANT'S
FIRST MOTION TO SEAL - 3

Having reviewed the submissions of the parties, the Court finds as follows:

**Exhibits DD and GG** to the Bouchard Declaration contain the communications between the parties that form the basis of plaintiff's retaliation claim. Dkt. #52 at 4. The parties agree that plaintiff's questions about defendant's research protocols are already in the public record. Dkt. #52 at 4; Dkt. #42 at 7. Defendant cannot file under seal information that is already within the public domain. Defendant argues, however, that the documents also contain "internal deliberations regarding [defendant's] testing methods and the specific information regarding how [defendant] prepared this study" that are not part of the public record. Dkt. #52 at 4. That information could give defendant's competitors an unfair advantage if disclosed by affording insight into defendant's proprietary testing methods. The Court finds that sealing **Exhibits DD and GG** in their entirety is unwarranted, but that defendant may file these documents under seal if and only if it provides publicly-available redacted versions that protect only the information regarding defendant's testing methods and how it prepared the study.

According to defendant, **Exhibit K** to the Bouchard Declaration contains detailed information about revenue generated from certain clients. Dkt. #52 at 7. Plaintiff acknowledges that **Exhibit K** contains information about sales to specific customers but disputes that the remainder of the information is confidential or proprietary. Dkt. #42 at 5. The Court has not been able to review the document and, without it, defendant has not met its burden to support a seal of **Exhibit K** in its entirety. Defendant may file this document under seal only if it provides a publicly-available redacted version protecting only the identity of its clients.

According to defendant, **Exhibit Y** to the Bouchard Declaration contains "detailed information regarding IEH's confidential and proprietary testing methods" from a

confidential presentation to a potential client. Dkt. #52 at 3. Plaintiff asserts that the information is available on defendant's website. Dkt. #42 at 6. Defendant does not dispute that the information is already in the public domain, and the Court has no way of determining otherwise. Defendant's motion to seal **Exhibit Y** is DENIED.

Defendant seeks permission to file **Exhibit Z** to the Bouchard Declaration under seal because the document "cites to" a proprietary testing method and contains information related to defendant's business and marketing strategy. Dkt. #52 at 4. Defendant argues that an industry competitor could use the information to unfairly compete with defendant. *Id.* Plaintiff asserts that the exhibit is a letter that contains no confidential information. Dkt. #42 at 6. Because the Court has no way of resolving the parties' disagreement regarding the contents of the document, the dispute is resolved in plaintiff's favor, and defendant's motion to seal **Exhibit Z** is DENIED.

According to defendant, **Exhibit AA** is a letter containing "a description of IEH's market research on pricing for testing services, and financial information specifically prepared for a potential client." Dkt. #52 at 3. Defendant claims that disclosure would allow IEH's competitors to undercut its client-specific prices. *Id.* Plaintiff asserts that the letter lacks "IEH pricing data, test methods or specific business strategy," but acknowledges that it contains a market survey and a summary of microbiological tests. Dkt. #42 at 6. The Court finds that defendant has an interest in protecting its market research but has not met its burden to support a seal of **Exhibit AA** in its entirety. Defendant may file this document under seal only if it provides a publicly-available redacted version protecting only its market research.

**Exhibit LL** to the Bouchard Declaration is, according to defendant, an internal document containing data and results of a study for a potential client, including

"sensitive, non-public confidential and proprietary information" regarding study designs and results. Dkt. #52 at 5. Plaintiff asserts that the document's confidentiality is not obvious from its content, but does not dispute that it contains proprietary information regarding defendant's studies. Dkt. #42 at 7. Because the parties do not dispute the sensitive and proprietary content of the document, defendant's motion to seal **Exhibit LL** is GRANTED.

As discussed above, defendant has filed redacted versions of **Exhibits B, C, D, G, J, L, M, N, R, S, T, W, EE**, **and HH.** *See* Dkt. #52-1. Per the Local Rules, the Court has discretion to determine whether the information will remain redacted. LCR 5(g)(2)(B). According to defendant, the redacted portions of those exhibits contain information regarding its clients, business and pricing strategies, and revenue from clients. Dkt. #52 at 7-8; *see generally* Dkt. #52-2.

**Exhibit B** contains excerpts of a deposition from the underlying administrative proceedings. Dkt. #52-2 at 1, 6-25; Dkt. #42 at 3. Defendant acquiesced to many of plaintiff's objections regarding the scope of the confidentiality designations within this exhibit, and has withdrawn the designations except as to testing methods and information regarding clients. *See generally* Dkt. #52 at 5; #52-2 at 6-25. Plaintiff challenges the redactions on pages 50-52 on the grounds that the information is already in the public record and that none of the testimony on those pages reveals confidential information. Dkt. #42 at 3. Defendant does not refute plaintiff's assertions that the matters discussed on pages 50-52 are already a matter of public record and/or are not confidential. *Id*. Because defendant has not provided a compelling reason to redact those portions of **Exhibit B**, further disclosures are required.

According to plaintiff, **Exhibit N** is a summary of plaintiff's work performance

from his employment with defendant: he disputes defendant's assertion that the document contains information regarding defendant's clients, business strategy, or revenue generated from clients. Dkt. #42 at 7. Defendant has redacted large sections of the document, including a section entitled "2010 Highlights." Dkt. #52-2 at 86-87. Because defendant has not satisfactorily demonstrated that a compelling reason exists to redact this portion of plaintiff's performance review, defendant's motion to seal that section of **Exhibit N** is DENIED.

Defendant has given sufficiently compelling reasons for its redactions in **Exhibits C, D, G, J, L, M, R, S, T, W, EE, and HH**. Defendant's may file unredacted versions of those exhibits under seal.

## CONCLUSION

Defendant's motion to seal is GRANTED in part and DENIED in part. Defendant may, within seven days of the date of this Order:

- file **Exhibit LL** under seal;

- file unredacted versions of its motion for summary judgment and **Exhibits C, D, G, J, L, M, R, S, T, W, EE, and HH** under seal;

- file publicly available versions of **Exhibits Y and Z;**

- file **Exhibit K** under seal only if it also files a publicly-available redacted version of the exhibit protecting only the identity of its clients;

- file **Exhibit AA** under seal only if it also files a publicly-available redacted version of the exhibit protecting only its market research;

- file **Exhibits DD and GG** under seal only if it also files publicly-available redacted versions of the exhibits protecting only its testing methods and study

preparation;

- file **Exhibit B** under seal only if it files a publicly-available redacted version of the exhibit that does not obscure the information on pages 50-52;

- file **Exhibit N** under seal only if it files a publicly-available redacted version of the exhibit that does not obscure the information on pages 86-87.

The underlying motion for summary judgment will be considered ripe for consideration seven days from the date of this Order. If defendant chooses not to file unredacted versions of the motion and supporting exhibits as set forth above, the redacted information will be deemed withdrawn and the Court will rule on the motion based on the existing partial record.

Dated this 21st day of November, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge