UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES BYRON,

    Plaintiff,

    v.

INSTITUTE FOR ENVIRONMENTAL HEALTH, INC.,

    Defendant.

Case No. 2:18-CV-01415-RSL

ORDER DENYING PLAINTIFF'S MOTION TO SEAL

This matter comes before the Court on Plaintiff James' Byron's unopposed Motion to Seal ("Motion"). Dkt. #44. Plaintiff asks the Court to maintain under seal two exhibits to plaintiff's declaration (Dkt. #43) in support of his opposition to defendant's Motion for Summary Judgment (Dkt #30). Dkt. #44. The exhibits are excerpts of deposition transcripts. *Id.* Plaintiff indicates that he has submitted this Motion only because defendant had designated the documents as "Confidential" during the underlying administrative proceeding. *Id.* Plaintiff does not believe they contain any confidential information. *Id*. Defendant has separately filed two motions to seal exhibits in support of its Motion for Summary Judgment (Dkt. #32) and exhibits in support of its Reply in

ORDER DENYING PLAINTIFF'S
MOTION TO SEAL - 1

Support of its Motion for Summary Judgment (Dkt. #54): plaintiff's exhibits do not contain information that is the subject of those motions.

"There is a strong presumption of public access to the court's files." LCR 5(g). In the Ninth Circuit, the presumption of access is particularly strong for documents attached to dispositive motions. *Kamakana v,. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In order to override the common law right of the public to inspect and copy court documents, "a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotation marks and alterations omitted). Ultimately, "[w]hat constitutes a compelling reason is best left to the sound discretion of the trial court." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted). The Local Rules also require a party seeking to designate documents as "confidential" to support that designation by describing to the Court the legitimate interests that warrant confidentiality, the injury that would otherwise result, and the insufficiency of less restrictive alternatives. LCR 5(g)(3).

Plaintiff has not attempted to meet this burden. Defendant, as the party that designated these documents as "confidential" during discovery, bears the burden of supporting that designation. Defendant has not carried its burden, either. Accordingly, plaintiff's Motion to Seal is DENIED. The Clerk of Court is directed to unseal Dkt. # 45.

Dated this 25th day of November, 2019.

                                  Robert S. Lasnik
                                  United States District Judge