**THE HONORABLE JOHN J. CHUN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BYRON,<br><br>        Plaintiff,<br><br>    v.<br><br>INSTITUTE FOR ENVIRONMENTAL<br>HEALTH, INC.,<br><br>        Defendant. | Case No. 2:18-01415-JHC<br><br><br>**PRETRIAL ORDER** |

## I.   FEDERAL JURISDICTION

Jurisdiction is vested in this court by virtue of 28 U.S.C. § 1331 on the basis that this complaint presents federal questions under the Food Safety Modernization Act ("FSMA"), 21 U.S.C. § 399d. Plaintiff administratively exhausted his claims under the Food Safety Modernization Act in the United States Department of Labor, Occupational Safety and Health Administration, and thereafter in the Office of Administrative Law Judges ("OALJ"). The Secretary of Labor issued findings on August 14, 2013, and Plaintiff filed his Request for Hearing within 30 days of receipt of the Secretary's findings on October 21, 2013.

On September 28, 2016, the Department of Labor Administrative Review Board reversed the OALJ's dismissal of Plaintiff's claim for lack of subject matter jurisdiction. On August 29,

2018, the OALJ, after waiting more than one year, issued an order denying the Defendant's motion for summary decision.

More than 210 days lapsed since the filing of Plaintiff's DOL OSHA complaint on October 21, 2011, and no final order of the Secretary of Labor had been issued, thus Plaintiff exercised his right under 21 U.S.C. § 399d(b)(4)(A) to file this action de novo in this United States District Court.

## II.    CLAIMS AND DEFENSES

### 1.    Plaintiff's Claim

Plaintiff will pursue at trial the following claim: violation of Section 402 of FSMA, codified at 21 U.S.C. § 399d and the implementing regulations at 29 C.F.R. § 1987.  As relevant to Plaintiff's claim, 29 C.F.R. § 1987(a) provides that no entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food may fire an employee because he reports information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of any provision of, the Food, Drug, and Cosmetic Act ("FDCA") or any order, rule, regulation, standard, or ban under the FDCA.  *See id.* § 1987(b)(2), (b) (4).

### 2.    Defendant's Affirmative Defenses

In addition to its defense against Plaintiff's claim on the merits (e.g., that IEH is not a covered entity under FSMA; Plaintiff did not engage in any protected activity; and Plaintiff cannot establish that his separation was because of any protected activity), IEH will pursue the following affirmative defenses to Plaintiff's claim:

PRETRIAL ORDER
2:18-CV-01415-JHC - 2

1.   Plaintiff's claim is barred, in whole or in part, because IEH had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, non-discriminatory, non-retaliatory, non-pretextual business related reasons, and were reasonably based upon reasonable factors and/or the facts as IEH understood them.

2.   Plaintiff's claim is barred, in whole or in part, because IEH exercised reasonable care to prevent discriminatory and retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by IEH or to otherwise avoid harm.

3.   Plaintiff's right to relief is barred to the extent that he failed to mitigate his damages or otherwise avoid harm.

4.   Plaintiff's claim is barred, in whole or in part, because any losses Plaintiff has sustained or will sustain are due to Plaintiff's own failures and omissions, and Plaintiff's own conduct or negligence.

5.   Plaintiff's claim is frivolous, unreasonable, and groundless and, accordingly, IEH should recover all costs and attorneys' fees incurred herein.

### III.   ADMITTED FACTS

1.   Defendant IEH is a private company that provides laboratory testing services for the food industry, including microbial, toxin, allergen and import detention testing for its clients.

2.   Dr. Mansour Samadpour founded IEH with his wife, Ms. Dalia Alfi, in 2000.

3.   Defendant is an independent third-party laboratory that performs technical services, including sample testing and consulting for clients in the food industry.

4.   The great majority of the food released into the chain of commerce by food manufacturers is never tested for pathogens.

5.   Plaintiff worked for IEH as a salesman from February 2010 until his employment was terminated in October 2011.

6.   At IEH, Plaintiff's job duties were all sales-related and included working to secure new accounts through meetings and presentations to prospective customers.  As part of his duty to generate sales for IEH from prospective customers, Plaintiff would make phone calls, send emails, and attend trade shows and client meetings to solicit new customers for IEH.

7.   Plaintiff's annual salary at IEH was $150,000, and Plaintiff had the potential to receive an annual bonus of $30,000.

8.   Plaintiff did not receive an annual bonus after his first year with IEH.

9.   Plaintiff and IEH disagreed regarding the amount of revenue that Plaintiff generated for IEH from new clients.

10. In or around mid-2011, Dr. Samadpour asked Plaintiff to begin providing Dr. Samadpour weekly updates of Plaintiff's activities.

11. In May 2011, Dr. Jaspreet Sidhu ("Dr. Sidhu") and Plaintiff both attended a trade show in Secaucus, New Jersey, and had dinner the night of the trade show.

12. John Van Arsdale ("Van Arsdale") was employed by Defendant as a Business Development Manager.

13. In 2011, Plaintiff arranged a sales meeting with McCormick Spice to discuss IEH's capabilities for spice testing.  Dr. Samuel Myoda prepared a slideshow prior to the meeting which he showed to Plaintiff.

14. The Presentation contained a slide that stated, "53 of 55 spices tested worked with the modified enrichment methods" and there were "2 exceptions: Natural Meat Flavor and Cloves; both exhibited antimicrobial properties that inhibited the growth of the bacteria to the extent that neither the culture based nor the PCR methodologies detected the low level of the inoculum."

15. Another slide showed the Association of Official Analytical Chemists ("AOAC") certificate for the IEH E. Coli 0157, Stx-producing E. Coli (STEC) with Intimin and Salmonella Test System.

16. The AOAC is one of the industry recognized certification bodies for accreditation of test kits used in testing foods in the United States. The AOAC provides certification that the test kits meet standards for accuracy, reliability, and compliance.

17. The Food and Drug Administration ("FDA") and U.S. Department of Agriculture ("USDA") Food Safety and Inspection Service ("FSIS") regulate the food industry in the United States. ISO is an independent non-governmental international organization with a membership of 167 national standards bodies involved in creating standards, including those for food safety.

18. To perform work for McCormick, i.e., testing spice samples for the presence of Salmonella, IEH needed to validate its Salmonella testing method would be able to detect Salmonella in each of its spices.

19. In order to validate its test, IEH was required to perform a "matrix extension" of its Salmonella testing method. A "matrix extension" is a small validation study that compares the performance of the proposed method (in this case the IEH method for Salmonella) to the FDA method in testing a given type of food for which the method was not previously validated.

20. After the meeting, IEH began working on a matrix extension validation of its Salmonella testing method for McCormick's spices.

21. On August 15, 2011, Dr. Samadpour reminded Plaintiff that he needed to continue sending his weekly reports.

22. Approximately two months after the meeting, IEH started to validate the first spice (black pepper).

23. Dr. Samadpour assigned Ruth Cantera, one of IEH's scientists, to begin work on the matrix extension validation study.

24. On August 29, 2011, Ms. Cantera called Dr. Samadpour regarding the design of the matrix extension validation study provided by Plaintiff.  Ms. Cantera stated that Plaintiff asked her to inoculate 3 sets of 25 x 375 gram samples of whole black pepper with Salmonella and test them with the IEH method.

25. Dr. Samadpour told Ms. Cantera that Plaintiff's study design was wrong and to follow the AOAC protocol of inoculating a set of 25 x 375 grams and another set of 25 x 25 grams.

26. Ms. Cantera informed Plaintiff that she intended to use 25 x 375 grams of each spice for the study along-side the FDA method which required a set of 25 x 25 grams.

27. Ms. Cantera informed Plaintiff that she would buy ground black pepper and prepare everything to proceed with the inoculation.

28. Dr. Samadpour called Plaintiff on October 4, 2011.

29. During that phone call, Dr. Samadpour stated his decision to terminate Plaintiff's employment.  Plaintiff asked Dr. Samadpour to think about his termination and to talk to him the next day, which Dr. Samadpour agreed to.

30. Dr. Samadpour informed Plaintiff that "[t]his [was] not working." According to Plaintiff, Dr. Samadpour explained that he did not want sales staff anymore and wanted to go back to the "old way" of doing things at IEH.

31. Dr. Samadpour informed Plaintiff the following day, October 5, 2011, that he was terminating his employment.

32. Plaintiff asked for a severance package. IEH ultimately did not provide one.

33. On October 21, 2011, Plaintiff filed an administrative complaint with the DOL-OSHA alleging that his termination was in retaliation for his raising concerns about and/or objecting to Salmonella testing practices.

34. In his administrative Complaint, Plaintiff alleged that he was fired in violation of the employee protection provision of FSMA.

## IV.    ISSUES OF LAW

This is a jury trial. Given the Court's rulings on summary judgment and the parties' motions in limine, there are no legal issues pending before the Court. The parties have disagreements about the available and appropriate use of deposition transcripts. Plaintiff's position is that he may use deposition transcripts of present and former IEH employees during his cross-examination of the co-CEOs. Defendant's position is that Plaintiff cannot impeach a witness with the deposition transcript of another witness. Defendant's position is also that Plaintiff cannot offer deposition transcripts of individuals that are available for trial.

The parties reserve all rights to raise issues of law to the Court based on the jury instructions and verdict form. Defendant reserves its right to raise issues of law to the Court based on Plaintiff's case in chief and any failure to meet the elements necessary for Plaintiff to sustain his claim.

1

## V.   **EXPERT WITNESSES**

2

Plaintiff will offer one expert witness to testify as to all items covered in his expert report,

3

including damages, and the lost earnings and benefits of James Byron:  Paul Torelli, Quantitative

4

Social Science, 200 First Ave W, Suite 109, Seattle, WA 98119.

5

## VI.   **OTHER WITNESSES**

6

(a) On behalf of Plaintiff:

7

1.      Mr. James Byron, P.O. Box 1061, Medford, OR 97501, will testify concerning all

8

claims and elements, including but not limited to: (a) his background, knowledge, and

9

qualifications; (b) his duties and performance with Defendant, including the terms and conditions

10

of his employment; (c) his protected disclosures; (d) the adverse actions taken against him; (e)

11

12

causation; and (f) damages.

13

14

2.      Dr. Mansour Samadpour, President of IEH, IEH Laboratories, 15300 Bothell Way

15

NE, Lake Forest Park, WA 98155, will testify to elements including knowledge and causation,

16

including his knowledge of Plaintiff's protected activity and his actions in response to said

17

concerns, including Plaintiff's concerns with IEH testing practices and Plaintiff's reports regarding

18

the requirements imposed by McCormick to validate the Defendant's testing method using 375

19

gram samples.

20

3.      Dalia Alfi, Vice President of IEH, IEH Laboratories, 15300 Bothell Way NE,

21

Lake Forest Park, WA 98155 (800) 491-7745, will testify as to Plaintiff's performance, sales

22

23

activity, protected activity and termination and Defendant's relevant employment policies and

24

practices.

25

26

PRETRIAL ORDER
2:18-CV-01415-JHC - 8

4.      Dr. Jaspreet Sidhu, Vice President of Business Development and Pharmaceutical Microbiology of IEH, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155 (800) 491-7745, possible witness only, may testify as to Plaintiff's performance, contact/communications with current and prospective clients, sales activity, and protected activity.

5.      Dr. Samuel Myoda, the Chief Operating Officer at Institute for Environmental Health of the Produce Division of IEH, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155, will testify as to Plaintiff's performance; contact/communications with current and prospective clients; sales activity; meetings and communications with McCormick and Plaintiff; Plaintiff's objections to claims made by IEH to McCormick; and Plaintiff's objections to IEH's failure to properly validate tests for spices.

6.      Dr. Mohammad Koohmaraie, Chief Executive Officer (CEO) of the Meat Division of IEH, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155, will testify as to Plaintiff's performance, contact/communications with current and prospective clients, sales activity, and protected activity.

7.      Dr. Robert Miksch, former Senior Vice President of Technical Services of IEH, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155, possible witness only. Dr. Miksch may testify as to the technical support he provided to Plaintiff and his knowledge of Plaintiff's concerns and termination.

8.      Dr. Margaret Hardin, Vice President of Technical Services of IEH, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155, possible witness only, may testify as to provision of technical support to Plaintiff, and her knowledge of Plaintiff's employment and termination.

9.      John Van Arsdale, formerly the Vice President of Business Development, IEH, possible witness only, Mr. VanArsdale may testify as to his disclosures and communications with Plaintiff about concerns with IEH testing and sampling practices.

10.     Pete Mostoufi, Project Manager of IEH Analytical, IEH Laboratories, 15300 Bothell Way NE, Lake Forest Park, WA 98155, possible witness only, may testify as to Plaintiff's contact with Los Banos and Fonterra and the testing and invoices for those clients.

11.     Ruth Canterra, Laboratory Analyst of IEH, IEH Laboratories, 15300 Bothell Way NE Lake Forest Park, WA 98155, possible witness only, may testify as to Mr. Byron's objections to the testing related to the McCormick spice presentation.

12.     Jennifer Byron, 18 Cove Road, Ponte Vedra Beach, FL 32082, possible witness only. Mrs. Byron would testify to the mental and emotional stress of her husband, the symptoms she observed, the conversations she had about his distress and her personal observations of the changes she observed in her husband after IEH's termination of him.

13.     Alexandra Byron, 1133 N. 4th Street, Apt 306, Philadelphia, PA 19123, possible witness only. Ms. Byron may testify as to the mental and emotional stress of her father and can testify as to the symptoms she observed, the conversations she had about his distress and symptoms, and her personal observations of the changes she observed in her father after IEH's termination of him.

14.     Austin Byron, possible witness only.  Mr. Byron may testify as to the mental and emotional stress of his father and can testify as to the symptoms he observed, the conversations he had about the distress and symptoms, and his personal observations of the changes he observed in his father after IEH's termination of Byron.

15.     Dr. Charmaine Aguirre, St. Vincent Primary Care, 1100 Sawgrass Village Dr. #100, Ponte Vedra Beach, FL 32082, possible witness only, Dr. Aguirre may testify as to her diagnosis and treatment of Plaintiff.

Should Plaintiff provide appropriate notice of his intent to call those witnesses, Defendant has agreed to make available for trial the following current IEH employees without need of a subpoena:   Mansour Samadpour, Dalia Alfi, Samuel Myoda, Mohammad Koohmaraie, Margaret Hardin, Pete Mostoufi, and Ruth Cantera.

(b) On behalf of Defendant:

| Witness | Contact Information | General Nature of Testimony | Will Testify | May Testify |
|---|---|---|---|---|
| Dalia Alfi | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Ms. Alfi may testify regarding IEH's work, her interactions with Plaintiff, Plaintiff's work performance, Plaintiff's travel expenses, and the circumstances surrounding the termination of Plaintiff's employment. | | X |
| Ruth Cantera | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Ms. Cantera may testify regarding testing related to the McCormick spice presentation. | | X |
| Dr. Margaret Hardin | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Dr. Hardin may testify regarding her experience answering Plaintiff's technical questions, providing Plaintiff with supporting materials for current and prospective clients, and her interactions with Plaintiff. | | X |
| Dr. Mohammad Koohmaraie | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite | Dr. Koohmarie will testify regarding his interactions with Plaintiff, his interactions with IEH management regarding | X | |

| Name | Address | Testimony | | |
|---|---|---|---|---|
| | 2800, Seattle, WA 98101 | Plaintiff, Plaintiff's work performance, Plaintiff's contact with current and prospective clients, and IEH's work including in the sales of food testing and consulting services and method validation. | | |
| Pete Mostoufi | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Mr. Mostoufi may testify regarding his interactions with Plaintiff, his interactions with IEH management regarding Plaintiff, Plaintiff's work performance, Plaintiff's contact with current and prospective clients, and IEH's work including in the sales of food testing and consulting services and method validation. | | X |
| Dr. Samuel Myoda | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Dr. Myoda will testify regarding his interactions with Plaintiff, his interactions with IEH management regarding Plaintiff, Plaintiff's work performance, Plaintiff's contact with current and prospective clients, and IEH's work including in the sales of food testing and consulting services and method validation. | X | |
| Dr. Mansour Samadpour | c/o Morgan, Lewis & Bockius LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101 | Dr. Samadpour will testify regarding Plaintiff's work performance, Plaintiff's contact with current and prospective clients, the circumstances surrounding the termination of Plaintiff's employment with IEH and former employer, Food Safety Net Services, and IEH's work including in the sales of food testing and consulting services and the development of method validation. | X | |

| Dr. Jaspreet Sidhu | 4715 NE 100th St, Seattle WA 98125 | Dr. Sidhu may testify regarding Plaintiff's work performance, Dr. Sidhu's interactions with Plaintiff, feedback Dr. Sidhu provided regarding Plaintiff, and Plaintiff's contact with current and prospective clients. | | X |

## VII.    PLAINTIFF'S EXHIBITS

| PX | Date | Description | Bates | Admissibility Stipulation* | Authenticity Stipulation |
|---|---|---|---|---|---|
| 1 | | Resume for IEH Position | IEH 20-21 | | X |
| 2 | 1/29/10 | Email from Samadpour re compensation-1 | JB 746 | X | X |
| 3 | 2/15/10 | Available Benefits Record: LTD, STD, Life insurance, Dental, Accidental Death & Dismemberment | IEH 44-45 | | X |
| 4 | 2/16/10 | New Hire Information Sheet starting 150K/year | IEH 28 | X | X |
| 5 | 2/17/10 | Basic Safety Rules of the Lab | IEH 34-35 | | X |
| 6 | | Job Position Description-2 | IEH 12126-12128 | | X |
| 7 | 9/21/10 | Email to Fonterra | IEH 9059-9071 | | X |
| 8 | 9/25/10 | Email re American Beef Packers-3 (Depo Ex. 31) | JB 224 | | X |
| 9 | 11/1/10 | Email from Byron to Mansour re shift in test methods for Agristar | IEH 551-552 | * | X |
| 10 | 12/3/10 | Invoice to Hempler's | IEH 1299-1303 | | X |
| 11 | 12/7/10 | Emails re protein method used at IEH-4 | JB 98-102, 96-99 | | X |
| 12 | 12/15/10 | Emails discussing high variability on protein runs | IEH 9183-9184 | | X |
| 13 | 1/23/11 | Email Chain with Byron and Myoda re invoice from JL Analytical -5 | JB 132-133 | | X |
| 14 | 1/27/11 | Email from Byron with IEH OMS 012011 | IEH 9145-9149 | | X |

| 15 | 2/2/11 | Process Control Index, PCI - A New Analytical Tool to Advance Process Control in Food Manufacturing<br><br>Process Control Gel Image | IEH 442-476<br><br>IEH 450 | | X |
| 16 | 2/10/11 | WD | | | |
| 17 | 2/10/11 | Email Chain with Byron and Koohmaraie RE: Lonestar Revenue Calculations-7 | JB 44-45 | | X |
| 18 | 2/24/11 | Quote for National Packaging Co. | IEH 477-478 | | X |
| 19 | 2/25/11 | Email chain re Lone Star Beef quote -8 | JB 46-47 | | X |
| 20 | 2/25/11 | Email re Lone Star Beef client-9 | Byron 778-779 | | X |
| 21 | 3/17/11 | Email chain from Myoda re Bubba Burger-10 | JB 181 | | X |
| 22 | 3/17/11 | Email chain from Khoomarie re Bubba Burger-11 | JB 182-183 | | X |
| 23 | 4/2/11 | Email from Byron re Centennial/Trochu/Western Quality | IEH 618-620 | | X |
| 24 | 4/6/11 | Email chain with Samadpour re Fonterra-12 | Byron 760-762 | | X |
| 25 | 4/8/11 | Email re McCormick Spice meeting-13 | JB 25-26 | X | X |
| 26 | 4/13/11 | Emails re Fonterra | IEH 9484-9488 | | X |
| 27 | 4/8/11 | Emails re Lonestar Equipment Purchase detail-14 | JB 38-39 | | X |
| 28 | 4/18/11 | Email re comparing to Silliker** | IEH 1775-1778 | | X |
| 29 | 4/21/11 | Email re pricing -16 | JB 287-289 | | X |
| 30 | 4/24/11 | Email re 2010 Performance Highlights and Bonus-17 | IEH 2930-2932 | X | X |
| 31 | 4/25/11 | Email from Mostoufi to Byron re LBF/Fonterra Sample Volumes-18 | JB 113 | | X |
| 32 | 4/28/11 | Email re Lone Star Beef Contract Update-19 | JB 42-43 | | X |

| 33 | 5/2/11 | Email re Food Quality Contract Lab Product Focus-20 | JB 190-191 | | X |
| 34 | 5/4/11 | Letter from Byron to NXT Nutritionals | IEH 483-484 | | X |
| 35 | 5/4/11 | Email from Byron to Koohmaraie re Lone Star-21 | JB 510-512 | | X |
| 36 | 5/9/11 | Email from Mostoufi to Byron re Los Banos Foods/Fonterra-22 | JB 114 | | X |
| 37 | 5/12/11 | Email re Meeting Request -23.  (Byron 3-14-17 depo, Ex. 10) | IEH 11377-11379 | | X |
| 38 | 5/12/11 | Email to Byron re Top 10 Spices and Top Salmonella serotypes involved in recalls of contaminated spices | IEH 1275-1276 | | X |
| 39 | 5/13/11 | Email re: McCormick meeting -24 [Byron 3-11-17 deposition, Ex. 11] | JB 28 | | X |
| 40 | 5/13/11 | Email re testing methods -25 | JB192- 194 | | X |
| 41 | 5/20/11 | Business Travel and Expense Policy | IEH 202-207 | | X |
| 42 | 6/1/2011 | Email From Byron to Myoda re Fonterra | IEH 4660-4663 | | X |
| 43 | 6/2/11 | Email from Byron to Myoda re work w Dietz and Watson | IEH 562 | | X |
| 44 | 6/8/11 | Letter to Burt Lewis Ingredients -26 | Byron 764-765 | | X |
| 45 | 6/8/11 | Email re Intro meeting with McCormick-27 | JB 29-30 | X | X |
| 46 | 6/9/11 | Email from Byron re new customer Burt Lewis Ingredients | IEH 9132 | | X |
| 47 | 6/9/11 | Email between Myoda and Byron re Quote -28 | JB 77 | | X |
| 48 | 6/9/11 | Email between Myoda and Byron re Quote-29 | JB 763 | | |
| 49 | 6/9/11 | Email re Fonterra supplier -30 | IEH 6099-6100 | | X |
| 50 | 6/10/11 | W/D | | | |
| 51 | 6/10/11 | Email re Fonterra Billing-33 | JB 234-236 | | X |

| 52 | 6/10/11 | Email re FDA BAM Salmonella -32 | Byron 766 | | X |
|----|---------|------------------------------|-----------|---|---|
| 53 | 6/11/11 | Email re Saturday calls -34 | JB 198 | | X |
| 54 | 6/13/11 | Email re Fonterra Micro Test Panels-35 | JB 115-116 | | X |
| 55 | 6/13/11 | Email re travel form and travel policy: IEH implementing a new travel policy for everyone -36 | IEH 174-175 | | X |
| 56 | 6/14/11 | Email re Fonterra Sampling-37 | | | |
| 57 | 6/14/11 | Email re: travel for Jacksonville and Omaha | IEH 178 /IEH 242 | | X |
| 58 | 6/14/11 | Email re travel approval-38 | | | |
| 59 | 6/14/11 | W/D | | | |
| 60 | 6/23/11 | Email from Byron re Centennial Foods | IEH 525 | | X |
| 61 | 6/24/11 | Travel to Jacksonville | IEH 171 | | X |
| 62 | 6/28/11 | Email from Byron re invoices withheld-39 | JB 117 | | X |
| 63 | 7/1/11 | McCormick Presentation-40 | IEH11280-11317 | X | X |
| 64 | 7/2/11 | Email re McCormick presentation -41 | IEH 11464 | X | X |
| 65 | 7/5/11 | Analytical Platform & Available Test Comparison | IEH 1319-1370 | | X |
| 66 | 7/6/11 | Email Lawrence to Byron re spice stuff-42 | JB 310-312 | | X |
| 67 | 7/7/11 | Emails with Byron and McCormick -43 | JB 31-33 | X | X |
| 68 | 7/7/11 | Email and attachment "McCormick Letter"-44 | JB 314-316 | X | X |
| 69 | 7/8/11 | Letter to McCormick Spice -45 | JB 314-316 | X | X |
| 70 | 7/8/11 | Email re important pricing decision-46 | JB 250-254 | | X |
| 71 | 7/13/11 | Letter to McCormick Spice-(Depo Ex. 19) -47 | JB 319-323 | | X |
| 72 | 7/18/11 | Letter to Centennial with Quote | IEH 629-630 | | X |
| 73 | 7/18/11 | Email re McCormick Spice detail | JB 34-35 | X | X |
| 74 | 8/11 | Myoda email re test options* | IEH 1477 | | X |

| 75 | 8/15/11 | Email from Byron to all | JB 208 | | X |
|----|---------|-------------------------|--------|---|---|
| 76 | 8/15/11 | Samadpour email to Byron Sales activity report every week | IEH 1664 | X | X |
| 77 | 8/22/11 | Email from Byron re Weekly Activity Summary | IEH 1164 | X | X |
| 78 | 8/26/11 | Email from Byron re Weekly Activity Summary | IEH 2952 | X | X |
| 79 | 8/30/11 | Email from Alfi to Koohmarie, Byron, et al RE: Traveling/meeting for meat/beef related activities | IEH 162 | | X |
| 80 | 8/30/11 | Email from Byron re McCormick update | JB 22-23 | X | X |
| 81 | 8/30/11 | Email from Byron re McCormick request | JB 24 | X | X |
| 82 | 8/30/11 | Email chain with Byron expressing concerns to Mansour about McCormick testing validation being inadequate | Byron 528-530 | X | X |
| 83 | 8/31/11 | Email chain from Cantera to Byron describing spice validation plans , Dep Ex. 17 | Byron 532-533 | X | X |
| 84 | 8/31/11 | Email chains between Byron requesting information from Samadpour about IEH methods and molecular targets for tests, Dep Ex. 18 | JB 395-396 | X | X |
| 85 | 9/8/11 | Email indicating McCormick desire to enter confidentiality agreement | JB 398 | | X |
| 86 | 9/8/11 | Guidelines for the Validation of Analytical Methods for the Detection of Microbial Pathogens in Foods  [Myoda Ex. 8] | Byron-IEH 641-695 | | X |
| 87 | 9/8/11 | Email from Byron re IAFP | IEH 1137 | | X |
| 88 | 9/12/11 | Email from Byron re Weekly Activity Summary | IEH 2953 | X | X |
| 89 | 9/15/11 | Email from Byron to Campbell Soup | IEH 1406-1411 | | X |

| 90 | 9/19/11 | Emails regarding travel for trade show | IEH 237 | | X |
|---|---|---|---|---|---|
| 91 | 9/23/11 | Emails re Nestle PCT Discussion and Presentation * | IEH 957-991 | | X |
| 92 | 9/24/11 | Receipt for Baltimore itinerary * | IEH 252-253 | | X |
| 93 | 9/26/11 | Email from Byron to Mansour* | IEH 1014-1016 | | X |
| 94 | 9/26/11 | Email from Byron to Samadpour re LSB | [JB 507-509] | | X |
| 95 | 9/29/11 | Byron Email to Koohmarie re Bubba and Perdue* | IEH 605 | | X |
| 96 | 10/4/11 | Byron Correspondence and invoice with Kaltron Pettibone Incorporated* | IEH 487-488 [JB 518-519] | | X |
| 97 | 10/4/11 | Laundry email to Byron to call Mansour | IEH 1567 | | X |
| 98 | 10/4/11-10/5/11 | Notes from conversations with Samadpour and VanArsdale | JB 442-444 | | |
| 99 | 10/5/11 | Email from Byron to Samadpour (Depo Ex. 25) | JB 450-451 | | X |
| 100 | 10/5/11 | Termination Letter | JB 456-457 | | X |
| 100a | 10/6/11 | Email re separation | JB 468 | X | X |
| 100b | 10/17/11 | Notes re OSHA calls | JB 472 | | |
| 101 | 10/18/11 | Email from Miksch | JB 474 | | X |
| 102 | 10/26/11 | Letter from Byron to Samadpour | IEH 18-19 | X | X |
| 103 | 11/4/11 | Notes from Conversation with Hardin | -- | | |
| 104 | 11/7/11 | Checklist for Employment Termination | IEH 22-23 | X | X |
| 105 | 2012 | Client spreadsheets: including Fonterra, Los Banos Foods, Burt Lewis Ingredients | IEH 433-441 | | X |
| 106 | | Client spreadsheets: including Fonterra, Los Banos Foods | IEH 1810-1822 | | X |
| 107 | | Client Spreadsheets | Byron 181-185, Byron 19 | | |
| 108 | | FSIS Guidance for Evaluating Test Kit Performance | -- | | |

| 109 | | Declaration re patent application: Test methods list | JB 487-494 | | |
| 110 | | Ground Pepper Validation Study for the Detection of Salmonella (Byron 7-11-19 Depo., Ex. 10) | Byron 541-543/Byron IEH 581-583 | | |
| 111 | | Bacteriological Analytical Manual Chapter 5 | --- | | |
| 112 | | ISO 16140-2 | Byron 683-757 | | |
| 113 | | Federal Food, Drug, and Cosmetic Act (Byron 7-11-19 Depo., Ex. 11) | Byron 548-568 | | |
| 114 | | RCW 9A.32.070 Byron 7-11-19 Depo, Ex. 12) | Byron 545 | | |
| 115 | 7/11/19 | RCW 9A.32.060  (Byron 7-11-19 Depo, Ex. 13) | Byron 544 | | |
| 116 | | US v. Park Byron 7-11-19 Depo, Ex. 14) | Byron 546-547, 569-594 | | |
| 117 | | Tax Returns, Economic Loss Documentation 2012-2021 | Byron 342-456, F. 2 106-163 | X | X |
| 118 | | Economic Damages Report of Paul Torelli | __ | | |
| 119 | | Job Search Emails, Job Search Log and Supporting Records | Byron 31-100 | X | X |
| 120 | | Medical Records: St Vincents, Charmaine Aguirre | Byron 333-341 | | X |
| 121 | | Defendant/Respondent Discovery Responses excerpts | | | |
| 122 | | Deposition Exhibits: | | | |
| 122a | | IEH E. coli O157 Test System:  Amendment to extend AOAC Performance Tested Method (Myoda, Ex. 6) | Byron_IEH 606-639 | | X |
| 122b | 5/12/11 | McCormick Communications (Samadpour Depo. Ex 8) | IEH 11377-11379 | | X |

| 123 | 9/8/11 | Highlighting/ Presentation from Guidelines for the Validation of Analytical Methods for the Detection of Microbial Pathogens in Foods | | | |
|---|---|---|---|---|---|
| 124 | | Plaintiff Presentation: Testing | | | |
| 125 | | Plaintiff publication re Listeria | JB 482-485 | | |
| 126 | | Restated Complaint (Plaintiff Depo 3/14/17, Ex. 9) | | | |

&ast; For those exhibits where Defendant has not agreed to authenticity and/or admissibility, it will provide written notice briefly stating any objections including the grounds thereof as reflected in the CLR 16.1 form of pretrial order by November 11, 2022.

Plaintiff reserves the right to offer additional exhibits at trial to the extent necessary to rebut evidence offered by Defendant or as justice may require. Plaintiff also reserves the right to rely on demonstrative exhibits not listed in the above table for use at trial.

## VIII.    DEFENDANT'S EXHIBITS

Defendant intends to present its exhibits electronically to the jury.

| No. | Date | Description | Admissibility Stipulation* | Authenticity Stipulation |
|---|---|---|---|---|
| 500 | 2/20/2010 | Confidentiality Agreement Executed by J. Byron<br>Bates-stamped IEH000060 – IEH000070 | X* | X |
| 501 | 6/30/2010 | Email from S. Myoda to J. Byron RE: salmonella testing<br>Bates-stamped IEH002453 | X* | X |
| 502 | 1/9/2011 | Email from J. Byron to M. Samadpour<br>Bates-stamped JB00141 | X* | X |
| 503 | 1/25/2011 | Email from M. Samadpour to G. Zeidler RE: Burger King Visit<br>Bates-stamped IEH001690 | X* | X |

| No. | Date | Description | Admissibility Stipulation* | Authenticity Stipulation |
|-----|------|-------------|---------------------------|--------------------------|
| 504 | 2/3/2011 | Email from J. Byron to M. Samadpour<br>Bates-stamped IEH010928 – IEH010931 | X* | X |
| 505 | 3/31/2011 | Email from J. Byron to J. Sidhu FW: Latest Trade Show List Attached<br>Bates-stamped IEH010970 – IEH010977 | X* | X |
| 506 | 04/06/2011 | Email from M. Samadpour to T. Bui (CC: B. Cummings, S. Myoda, J. Byron, D. Alfi, M. Wolf, P. Mostoufi, and B. Nadala) RE: Fonterra<br>Bates-stamped JB00554 – JB00556 | X* | X |
| 507 | 5/30/2011 | Email from M. Samadpour to J. Byron, S. Myoda, P. Mostoufi, and others RE: Cyanuric Acid Analysis Error<br>Bates-stamped IEH009347 – IEH009354 | X* | X |
| 508 | 6/11/2011 | Email from M. Samadpour to S. Myoda<br>Bates-stamped IEH011692 | X* | X |
| 509 | 6/13/2011 | Email from D. Alfi to B. Cummings RE: Jim Byron Travel<br>Bates-stamped IEH002936 – IEH002937 | X* | X |
| 510 | 6/13/2011 | Email from B. Nadala to M. Samadpour and M. Samadpour and D. Alfi<br>Bates-stamped IEH002946 – IEH002948 | X* | X |
| 511 | 6/30/2011 | Email from A. Rasmussen (McCormick) to J. Byron RE: Agenda and Presenters for tomorrow's 11am meeting/presentation led by IEH laboratories<br>Bates-stamped IEH010905 – IEH010906 | X* | X |
| 512 | 07/01/2011 | Email from J. Byron to S. Myoda (cc: M. Samadpour, D. Alfi, B. Miksch, M. Hardin, M. Koohmaraie, and M. De La Zerda) re: Thank You<br>Bates-stamped IEH011634 | X* | X |
| 513 | 07/07/2011 | Email from J. Byron to R. Lawrence (McCormick) RE: Communications Update<br>IEH010913 – IEH010915 | X* | |

| No. | Date | Description | Admissibility Stipulation* | Authenticity Stipulation |
|-----|------|-------------|---------------------------|--------------------------|
| 514 | 7/19/2011 | Email from D. Alfi to J. Byron re: Texas Flight<br>Bates-stamped IEH000159 – IEH000160 | X* | |
| 515 | 8/26/2011 | Email from J. Byron to M. Samadpour RE: Salmonella Testing<br>Bates-stamped IEH011452 | X* | X |
| 516 | 8/29/2011 | Email from J. Byron to M. Samadpour RE: McCormick IEH Validation Meeting Summary Letter<br>Bates-stamped IEH010987 | X* | X |
| 517 | 9/9/2011 | Email from J. Byron to M. Samadpour Re: Nestle<br>Bates-stamped IEH001518 – IEH001520 | X* | X |
| 518 | 9/13/2011 | Email from M. Koohmaraie to M. Samadpour RE: Please read<br>Bates-stamped IEH011693 | X* | X |
| 519 | 11/18/2011 | Email from R. Lawrence (McCormick) to S. Myoda re: Meeting Summary<br>Bates-stamped IEH011268 | X* | X |
| 520 | 11/24/2011 | Email from J. Waite-Cusic to J. Van Arsdale (CC: M. Samadpour) Re: Fonterra USA and Los Banos Foods<br>IEH010741 – IEH010743 | X* | X |
| 521 | | J. Byron Weekly Reports<br>IEH002971 – IEH002975 | X* | X |
| 522 | 2011 | Byron Job Search Emails January 2011 – September 9, 2011<br>Bates-stamped Byron 000060, Byron 000082, Byron 000084, Byron 000093, Byron 000095, Byron 000096, Byron 000097; and Byron 000098). | X* | X |
| 523 | | AOAC International Methods Committee Guidelines for Validation of Qualitative and Quantitative Food Microbiological Official Methods of Analysis | X* | X |

| No. | Date | Description | Admissibility Stipulation* | Authenticity Stipulation |
|-----|------|-------------|---------------------------|--------------------------|
| | | Bates-stamped BYRON_IEH000592 – BYRON_IEH000604 | | |
| 524 | January 11, 2012 | AOAC Certificate of Performance Tested Status – Certificate No. 100701 – IEH E. coli O157, Stx-producing E. coli (STEC) with Intimin and Salmonella Test System<br><br>Bates-stamped BYRON_IEH000640 | X* | X |
| 525 | July 15, 2013 | U.S. Department of Labor<br><br>Occupational Safety and Health Administration<br><br>Report of Investigation<br><br>Bates-stamped BYRON_IEH012088 – Byron_IEH012091 | X* | X |
| 526 | | Ancera Documents<br><br>Bates-stamped Ancera_0001 – Ancera_0011<br><br>Bates-stamped IEH012126 - 012130 | X* | |

*Plaintiff conditionally agrees to the admissibility of Defendant's exhibits pending written notice briefly stating any objections including the grounds thereof as reflected in the CLR 16.1 form of pretrial order by November 11, 2022.

Defendant reserves the right to offer additional exhibits at trial to the extent necessary to rebut evidence offered by Plaintiff or as justice may require. Defendant also reserves the right to rely on demonstrative exhibits not listed in the above table for use at trial.

## IX.   ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on Nov. 14, 2022, at 1:30 PM.

(b) Trial briefs shall be submitted to the court on or before November 7, 2022.

(c) Jury instructions requested by either party shall be submitted to the court on or before

November 7, 2022.  Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before November 7, 2022.

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 3rd day of November, 2022.

_John H. Chun_____
The Honorable John J. Chun

1   _/s/ Stephani L. Ayers_                    _/s/ Sarah E. Bouchard_____

2   Stephani L. Ayers                          Sarah E. Bouchard (*admitted pro hac vice*)
    Thad M. Guyer                              Shannon L.C. Ammon (*admitted pro hac vice*)
3   T.M. Guyer and Ayers & Friends, P.C.       MORGAN, LEWIS & BOCKIUS LLP
    116 Mistletoe St. P.O. Box 1061            1701 Market Street
4   Medford, OR 97501                          Philadelphia, PA 19103
    Email:  stephani@GuyerAyers.com            Tel:    (215) 963-5000
5             thad@GuyerAyers.com              Fax:    (215) 963-5001
                                               Email: sarah.bouchard@morganlewis.com
6   *Attorneys for Plaintiff*                          shannon.ammon@morganlewis.com
7   *James Byron*

8                                              David Crowe
                                               Institute for Environmental Health, Inc.
9                                              15300 Bothell Way NE
                                               Lake Forest, WA 98155
10                                             Telephone: (310) 709-1896
                                               Email: david.crowe@iehinc.com
11

12                                             *Attorneys for Defendant*
                                               *Institute for Environmental Health, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

PRETRIAL ORDER
2:18-CV-01415-JHC - 25